November 11, 1907.

––––––––o––––––––

No. 4340.

(Court of Appeal, Parish of Orleans.)

## J. CARLTON VS. GEORGE B. RICE.

1. The burden of proving that the consideration of a contract was illegal, or that the contract was illegal for any other reason, is upon the party asserting such illegality and, to sustain such de-

fense, the illegality must be clearly shown.

2. Where the testimony is conflicting, this Court will not disturb the judgment of the Judge a qua who had the witnesses before him and who weighed their testimony in the light of the presumption in favor of a holder of an acknowledgement of debt.

Appeal from Civil District Court, Division "E."

Wm. A. Collins, for Plaintiff and Appellee.

J. J. Prowell, for Defendant and Appellant.

DUFOUR, J. The plaintiff, keeper of what is popularly known as "a sporting house in the red light district" of this city, sues the defendant, a frequent visitor of her establishment, as owner of certain due bills signed by him in her favor.

The answer admits the signature, avers payment of one of the due bills and pleads want of consideration and illegal consideration for the two others, claiming that they were given for a gambling debt. Rice testifies that he paid the five dollar due bill and that the others were given for losses incurred by him in various games of casino played by him with plaintiff. Barangue, a friend of the defendant and also a frequenter of plaintiff's house, says he frequently saw them playing cards; he adds that he several times saw Rice pay cash for the beer he bought, and that he does not know whether or not Rice had a running account at the place.

The plaintiff, on the other hand, swears that the five dollar due bill was not paid; that she was making no claim for the gambling debts, and that the due bills sued on represented money loaned and liquor sold.

In Tuckerman vs. Jackson, 3 Court of Appeal, 399, we said:

"The burden of proving that the consideration of a contract was illegal, or that the contract was illegal for any other reason, is upon the party asserting suchillegality, and to sustain such defence, the illegality must be clearly shown."

In Rodriguez vs. Lopez, 28 An. 95, the Supreme Court said:

"This is a suit by the payee against the maker of a promissory note, the defence of which is want of consideration. The testimony is conflicting, and we are not disposed to reverse the decision of the Judge a qua, who had the witnesses before him and was doubtless controlled in adopting his conclusion by the

weight of the presumption in favor of a holder of a promissory note as to ownership and consideration."

We are similarly inclined in this case.

Judgment affirmed.